IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCHARRON SCHERRE MARTIN,
     Plaintiff,

vs.                         Case No.: 3:11cv164/MCR/CJK

MICHAEL J. ASTRUE,
Commissioner of Social Security,
     Defendant.

## REPORT AND RECOMMENDATION

     This cause is before the court upon referral from the clerk.   Plaintiff, proceeding *pro se* and seeking review of a final determination of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income, commenced this Social Security appeal on April 4, 2011, by filing a complaint (doc. 1) under 42 U.S.C. § 405(g), and a motion for leave to proceed *in forma pauperis* (doc. 2).  On April 7, 2011, this court granted the motion for leave to proceed *in forma pauperis*, and ordered service of the complaint. (Doc. 4) Defendant filed its answer (doc. 12) and a certified copy of the transcript of the administrative proceedings below (doc. 13) on July 14, 2011.  On July 15, 2011, the court ordered plaintiff to file a memorandum in support of her complaint no later than September 13, 2011.  (Doc. 15)   The court warned, "Failure of plaintiff to file such a memorandum which specifically addresses the claimed error will be deemed a failure to prosecute and will result in dismissal of the case with prejudice."  (Doc. 15)

Plaintiff failed to file the required memorandum or explain her inability to do so. Accordingly, the court entered an order directing plaintiff to show cause within thirty (30) days why the case should not be dismissed for failure to prosecute. (Doc. 16) The court advised, "Plaintiff's failure to respond to this order may result in a recommendation of dismissal of this action without further notice." (Doc. 16) Nevertheless, plaintiff neither responded to the show cause order nor sought additional time. By order entered December 8, 2011 (doc. 17), the court thus advised plaintiff that, "failing a response by December 19, 2011, this case will be dismissed for failure to follow orders of the court and failure to prosecute." To date, plaintiff has failed to respond or explain her inability to do so.

FEDERAL RULE OF CIVIL PROCEDURE 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (upholding involuntary dismissal with prejudice under RULE 41(b) where *pro se* "appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders"). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *see also McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006). "Violations 'caused by simple negligence, misunderstanding, or inability to comply' do not constitute 'willfulness.'" *Powell v. Siegal*, No. 10–14567, 2011 WL 5574963, at *1 (11th Cir. Nov. 17, 2011).

Here, plaintiff has established a pattern of disregard for, and noncompliance with, the court's orders.  As detailed above, the court ordered plaintiff to file a memorandum in support of her complaint no later than September 13, 2011.  (Doc. 15)  Having received no response from plaintiff, the court entered an order directing her to show cause within thirty (30) days why the case should not be dismissed for failure to prosecute.  (Doc. 16)  Again, plaintiff failed altogether to file the required memorandum or respond in any manner.  In its most recent show cause order (doc. 17), the court directed plaintiff to respond by December 19, 2011.  In contravention of the court's order, plaintiff has yet to file her memorandum  or explain her inability to do so.  In each of the three orders described above, the court warned plaintiff that failure to comply might result in a recommendation that the case be dismissed for failure to prosecute and failure to comply with orders of the court; the first such warning (doc. 15) advised plaintiff that the dismissal would be *with* prejudice.

Despite such repeated warnings, plaintiff has demonstrated no regard for the court's authority or commitment to a prompt resolution of this action, which would certainly be in her best interest.  In light of plaintiff's conduct, the court is troubled by the Commissioner's expense of public funds for the transcript of the administrative proceedings below, which was filed more than seven months ago.  Plaintiff's violations and inaction cannot reasonably be said to be the result of simple negligence or misunderstanding.  Having failed to file a memorandum in support of her complaint, respond to the court's show cause orders, or explain her inability to do so, plaintiff has demonstrated "a clear record of 'willful' contempt."  *See Gratton*, 178 F.3d at 1374 (quoting *Goforth*, 766 F.2d at 1535).

Moreover, plaintiff by her conduct to date has evinced no intent to prosecute this matter any further.  The court thus determines that lesser sanctions will not suffice to compel plaintiff's future cooperation.  Accordingly, the court recommends

that this cause be dismissed with prejudice pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(b), for failure to prosecute and comply with court orders.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").  If plaintiff suffered no penalty for her recalcitrance and neglect, there would be little or no disincentive for her attempt to wage future litigation in a similar manner.  This court must not allow such conduct to go undeterred.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.").

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITH PREJUDICE for plaintiff's failure to prosecute and comply with orders of the court.

2.  That the clerk be directed to close the file.

DONE AND ORDERED this 2nd day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).